IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01390-WYD-KLM

ADAM D. STARR,

    Plaintiff,

v.

CITY OF LAKEWOOD,
MIKE ROCK,
RONALD BURNS,
JOHN CAMPER,
MARK DIETEL, and
DANIEL MCCASKY,

    Defendant(s).

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion Requesting Certification of the Record** [Docket No. 3; Filed July 1, 2008] (the "Motion"). The Court has reviewed the Motion, Defendants' Response [Docket No. 4; Filed July 2, 2008], Defendants' Supplemental Response [Docket No. 15; Filed July 21, 2008], Defendants' Notice of Record Certification Cost [Docket No. 16; Filed July 21, 2008], Defendants' Amendment to their Supplemental Response [Docket No. 17; Filed July 22, 2008], Plaintiff's Reply [Docket No. 22; Filed August 8, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part**, as set forth below.

In the instant motion, Plaintiff requests that, pursuant to Colo. R. Civ. P. 106(a)(4),

1

this Court compel Defendant City of Lakewood to certify certain portions of the record of Plaintiff's employment appeal, including the transcript of the hearing held on February 25 and 26, 2008 before Hearing Officer Terry Tomsick, as well as all exhibits as entered in the record by Hearing Officer Tomsick. *Motion* [#3] at 1.

Plaintiff's first claim for relief is a state law claim for abuse of discretion brought pursuant to Colo. R. Civ. P. 106(a)(4). Rule 106(a)(4) allows an individual to seek review of a judicial or quasi-judicial decision of a state governmental body, official, or any lower judicial body. Pursuant to Rule 106(a)(4)(III), "[i]f the complaint is accompanied by a motion and proposed order requiring certification of a record, the court shall order the defendant body or officer to file with the clerk on a specified date, the record or such portion or transcript thereof as is identified in the order, together with a certificate of authenticity." Further, pursuant to section IV of Rule 106(a)(4), "[t]he cost of preparing the record shall be advanced by the plaintiff . . . ." Finally, section VI of Rule 106(a)(4) directs the Court to determine the manner and timing of proceedings where claims other than those brought pursuant to Rule 106(a)(4) are properly joined in an action. As Plaintiff brings claims other than his Rule 106(a)(4) claim, in granting the Motion, this Court must also determine the manner and timing of the Rule 106 proceedings.

Defendants argue that Plaintiff has not advanced the cost of certifying the record, as required by Rule 106(a)(4)(IV). *Supplemental Response* [#15] at 5. Defendants state that the total cost of creating and submitting a complete certified record to the Court is $2,528.20. *Notice of Record Certification Cost* [#16] at 1. In his reply, Plaintiff states that he does not object to tendering payment to Defendant City of Lakewood in the amount of $2,528.20 for certification of the record, but requests that the exhibits to the record be

provided in the same order with the same numbering or lettering as provided to the original hearing officer. *Reply* [#22] at 2. Plaintiff also requests that the Court order that "Defendants provide Plaintiff a copy of the certified transcript at the City's per page copying cost of $.20 per page." *Id.* However, this Court's research has located no rule or case precedent which suggests that it has any control over the cost, or form, in which the record is provided to Plaintiff, and indeed, Plaintiff has provided none. Therefore, these requests are **denied**.

IT IS HEREBY **ORDERED** that Plaintiff's **Motion Requesting Certification of the Record** [Docket No. 3; Filed July 1, 2008] is **GRANTED in part**.[1]  Plaintiff is directed to advance $ 2,528.20 to City of Lakewood within **ten days** of the date of this Order. The certified record in this matter is to be filed with the Court within **thirty days** following receipt by the City of Lakewood of the specified payment.

IT IS FURTHER **ORDERED** that the briefing on Plaintiff's claim brought pursuant to Colo. R. Civ. P. 106(a)(4) will proceed in the following manner: Plaintiff shall file his opening brief with regard to the review he seeks under Rule 106(a)(4) within **forty days** after the date when the record is filed with the Court. Defendants are to file their answer brief within **thirty days** after service of Plaintiff's brief, and Plaintiff may file a reply brief within **fifteen days** after service of the answer brief.

BY THE COURT:

---

[1]The Court notes that, to date, the parties have not specifically addressed the issue of the Court's subject matter jurisdiction over the Rule 106 claim. By granting Plaintiff's motion to certify the record, the Court expresses no opinion regarding the propriety of subject matter jurisdiction in this court over that claim.

3

s/ Kristen L. Mix  
United States Magistrate Judge

Dated: August 15, 2008