IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil action No. 08-cv-01390-WYD-KLM

ADAM D. STARR,

    Plaintiff,

v.

CITY OF LAKEWOOD;
MIKE ROCK;
RONALD BURNS;
MARK DIETEL; and
DANIEL MCCASKY,

    Defendants.

---

**ORDER**

---

I.    INTRODUCTION AND FACTUAL BACKGROUND

This matter is before the Court on Plaintiff Starr's Motion to Sever his first claim for relief for abuse of discretion under COLO. R. CIV. P. 106(a)(4). Plaintiff Starr originally filed his complaint in the District Court of Jefferson County, Colorado. The complaint asserts multiple claims for relief, including: review of a judicial or quasi-judicial decision for abuse of discretion by a governmental body or officer under COLO. R. CIV. P. 106(a)(4), breach of contract, violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, civil conspiracy pursuant to 18 U.S.C. § 1983, and exemplary damages. Defendants removed Plaintiff's complaint to this Court on the basis that the complaint asserts at least one federal question. *See* 28 U.S.C. § 1441(c). Plaintiff now seeks to sever his first claim for relief pursuant to FED R. CIV. P.

21, which states that "[t]he court may... sever any claim against any party."

Mr. Starr names as the Defendants the City of Lakewood; Mike Rock, individually and as the City Manager; Ronald Burns, individually and as the Chief of Police for the Lakewood Police Department; John Camper, individually and as a Division Chief for the Lakewood Police Department; Mark Dietel, individually and as a Sergeant for the Lakewood Police Department; and Daniel McCasky, individually and as a Commander for the Lakewood Police Department.

The alleged facts in Plaintiff's complaint that are relevant to this motion are as follows. This dispute arises out of Mr. Starr's termination of employment by the City of Lakewood Police Department ("police department").  The police department terminated Mr. Starr on November 14, 2007 after his former fiancé, who was also employed by the police department, made allegations of domestic violence against Starr to the police department's Internal Affairs Division.  Mr. Starr asserts that the police department's follow-up investigation of the domestic violence allegations was not in compliance with the department's internal procedures, and that Defendants abused their discretion, acted arbitrarily and capriciously, and acted outside the scope of their authority in terminating Mr. Starr.

The case was removed to this Court by Defendants from the Jefferson County District Court, State of Colorado, by notice of removal dated July 1, 2008.  The basis of the removal was that this Court has original jurisdiction over the claims brought pursuant to 42 U.S.C. § 1983.  Because this Court possesses original jurisdiction over one of Plaintiff's claims, 28 U.S.C. § 1367 allows this Court to exercise supplemental jurisdiction over Plaintiff's remaining claims.  Plaintiff now brings this motion to sever his

first claim for relief pursuant to COLO. R. CIV. P. 106(a)(4) and to remand that claim to the Jefferson County District Court. Plaintiff urges this Court to exercise its discretion to decline jurisdiction under 28 U.S.C. § 1367(a) on the grounds that the first claim for relief raises a question of state law that is novel and complex and because the interest of comity, fairness, and judicial economy weigh in favor of declining supplemental jurisdiction. Because Plaintiff Starr's Rule 106(a)(4) claim involves a novel or complex issue of state law, I find that this Court should decline to exercise jurisdiction over this claim.

II. ANALYSIS

As part of the Judicial Improvements Act of 1990 ("JIA"), Congress combined the doctrines of pendent and ancillary jurisdiction under the rubric "supplemental jurisdiction." *Gard v. Teletronics Pacing Systems, Inc.*, 859 F.Supp. 1349, 1351 (D.Colo. 1994); *LaSorella v. Penrose*, 818 F.Supp. 1413, 1415 (D.Colo. 1993). The codified statute, 28 U.S.C. § 1367(a), provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." District courts may decline to exercise supplemental jurisdiction over a state law claim only if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

This statute has been interpreted to sweep broadly, "mandating the exercise of supplemental jurisdiction unless one of the exceptions in § 1367(c) is met." *Gard*, 859 F.Supp. at 1352; *LaSorella*, 818 F.Supp. at 1415-16; *Doll v. U.S. West Communications, Inc.*, 85 F.Supp.2d 1038, 1040 (D.Colo. 2000). I find that Plaintiff's state law claim is "so related" to Plaintiff's federal claims as to constitute the "same case or controversy." However, because one of the factors listed in 28 U.S.C. § 1367(c) is met, I decline to exercise supplemental jurisdiction over Plaintiff's state law claim. Plaintiff's claim under Rule 106(a)(4) is complex in that it will require the court to review the certified record of the administrative hearings held by the police department, a process that is distinct from the remaining claims Plaintiff brings. Thus, because one of the factors listed in § 1367(c) is satisfied, I decline to exercise jurisdiction over this state law claim.

Claims brought pursuant to Rule 106(a)(4) are traditionally addressed by state courts and require a separate process of review from Plaintiff's other claims in this case. Although the facts giving rise to the claims in this case are all of a common origin, Plaintiff's Rule 106(a)(4) claim requires the court to review the entire certified record of the police department's judicial proceedings. This review is outside the scope of what the court must consider to assess the other claims Plaintiff brings. Thus, the process for evaluating Plaintiff's Rule 106(a)(4) claim is separate and distinct from the rest of the claims at issue in Plaintiff's complaint. This claim raises a complex issue that is more appropriately determined by state courts. As such, I decline to exercise supplemental jurisdiction over Plaintiff's 106(a)(4) claim. Accordingly, Plaintiff's Motion to Sever his 106(a)(4) claim is granted.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Sever First Claim for Relief [ docket #30], filed September 3, 2008 is **GRANTED**. It is

FURTHER ORDERED that Plaintiff's first claim for relief is **DISMISSED WITHOUT PREJUDICE** so it can be decided by the District Court of Jefferson County, State of Colorado.

Dated: November 10, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief Judge