IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01390-WYD-KLM

ADAM D. STARR,

    Plaintiff,

v.

CITY OF LAKEWOOD,
MIKE ROCK,
RONALD BURNS,
JOHN CAMPER,
MARK DIETEL, and
DANIEL MCCASKY,

    Defendant(s).

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to File First Amended Complaint** [Docket No. 50; Filed October 31, 2008] (the "Motion"). The Court has reviewed the Motion, Defendants' Response [Docket No. 58; Filed November 20, 2008], Plaintiff's Reply [Docket No. 62; Filed December 4, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

Plaintiff requests leave to file a First Amended Complaint, arguing that his claims for relief require supplementation and that his First Amended Complaint contains pertinent facts that have been obtained through discovery. *Motion* [#50] at 2. Defendants oppose the Motion, arguing that Plaintiff's new facts "still do not express the sufficient specific, concrete, and non-conclusory facts that could demonstrate that the conspiracy Plaintiff

claims actually existed." *Response* [#58] at 2. In addition, Defendants argue that if the Court allows Plaintiff to amend his complaint, the First Amended Complaint should not properly include a claim of abuse of discretion pursuant to Colo. R. Civ. P. 106(a)(4), as the Court has dismissed that claim for re-filing in state court. *Id.*

Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Pursuant to the Scheduling Order entered on September 10, 2008, the deadline for amendment of pleadings was October 31, 2008 [Docket No. 37]. As such, Plaintiff's Motion was filed within the time allowed for amendment of the pleadings. Defendants do not argue that there is undue delay, prejudice or bad faith apparent in Plaintiff's request to amend his complaint, but that Plaintiff's new allegations are insufficient to prove Plaintiff's conspiracy claim, brought pursuant to 42 U.S.C. § 1983. *Response* [#58] at 2-3. While Rule 15(a) requires that leave to amend be freely given, that requirement does not apply where an amendment clearly would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992); *see also Simon v. Navon*, 951 F.Supp. 279, 283-84 (D. Me. 1997) (finding that a motion to amend may be denied where a proposed amendment presents a claim that is legally insufficient on its face). However,

the issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 235 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In order to allege a conspiracy pursuant to 42 U.S.C. § 1983, a plaintiff must adequately plead facts showing that: (1) a conspiracy existed, and (2) an actual deprivation of rights occurred. *Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995). The Court has reviewed Plaintiff's First Amended Complaint, and finds that Plaintiff has added sufficient specific allegations related to his conspiracy claim such that he is entitled to offer evidence in support of this claim. *See id.* Further, considering that leave to amend should be freely granted, and that Plaintiff's First Amended Complaint was filed within the deadline to amend pleadings, the Court finds that justice requires that Plaintiff be allowed to file a First Amended Complaint that contains more specific factual allegations in relation to Plaintiff's claim of conspiracy brought pursuant to 42 U.S.C. § 1983. *See Foman*, 371 U.S. at 182. However, to the extent that Plaintiff's First Amended Complaint contains a claim for relief brought pursuant to Colo. R. Civ. P. 106(a)(4), this claim is not properly brought, as on November 10, 2008, Chief Judge Daniel granted Plaintiff's Motion to Sever his Rule 106(a)(4) claim, and to re-file it in state court [Docket No. 57].

Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's **Motion for Leave to File First Amended Complaint** [Docket No. 50; Filed October 31, 2008] is **GRANTED**. Plaintiff's First Amended Complaint [Docket No. 50-2] is **accepted for filing** as of the date of this Order.

IT IS FURTHER **ORDERED** that Plaintiff's First Claim for Relief brought pursuant

to Colo. R. Civ. P. 106(a)(4) is **stricken** from the First Amended Complaint.

IT IS FURTHER **ORDERED** that Defendants shall respond to the First Amended Complaint on or before **January 6, 2009**.

BY THE COURT:  
__s/ Kristen L. Mix_____  
United States Magistrate Judge

Dated: December 16, 2008