IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01390-WYD-KLM

ADAM D. STARR,

      Plaintiff,

v.

CITY OF LAKEWOOD;
MIKE ROCK;
RONALD BURNS;
JOHN CAMPER;
MARK DIETEL; and
DANIEL MCCASKY,

      Defendants.

---

## ORDER

---

I.    <u>INTRODUCTION</u>

THIS MATTER comes before the Court on both the Renewed Motion to Dismiss
Defendant Mike Rock from Plaintiff's Amended Complaint Pursuant to F.R.C.P. Rule
12(b)(6) (docket #68), filed January 6, 2009 and the Renewed Motion to Dismiss Civil
Conspiracy Claim in Amended Complaint Pursuant to F.R.C.P. Rule 12(b)(6) (docket
#69), filed January 6, 2009.  For the reasons stated below, I find that the motion to
dismiss Defendant Mike Rock is granted and the motion to dismiss the civil conspiracy
claim is denied.

II.    <u>BACKGROUND</u>

In his Amended Complaint, Plaintiff Adam D. Starr asserts claims under both

42 U.S.C. § 1983 and Colorado law against the following Defendants: (1) the City of

Lakewood, Colorado; (2) Mike Rock, individually and as the City Manager for the City of

Lakewood; (3) Ronald Burns, individually and as the Chief of Police for the City of

Lakewood; (4) John Camper, individually and as a Division Chief for the Lakewood

Police Department; (5) Mark Dietel, individually and as Sergeant for the Lakewood

Police Department; and (6) Daniel McCasky, individually and as a Commander for the

Lakewood Police Department.  Plaintiff's claims arise out of events relating to the

termination of his employment as a police agent for the City of Lakewood.

Plaintiff brings the following claims in his Amended Complaint: (1) breach of

contract under Colorado law against the City of Lakewood; (2) a claim pursuant to 42

U.S.C. § 1983 alleging violations of the Due Process Clause of the Fourteenth

Amendment against all Defendants; and (3) a claim pursuant to 42 U.S.C. § 1983

alleging civil conspiracy against the City of Lakewood, John Camper, Ronald Burns,

Mark Dietel, and Daniel McCasky.  Plaintiff's original Complaint also included a

challenge to the City of Lakewood's administrative decision to terminate Plaintiff's

employment pursuant to Colo. R. Civ. P. 106(a)(4).  This claim was severed by Order of

this Court and stricken from the First Amended Complaint on December 16, 2008.

By way of background and relevant to the pending motions before me, Plaintiff

was employed by the City of Lakewood Police Department as a police agent from

March 4, 1996 to November 14, 2007.  (Am. Compl. ¶ 1.)  Plaintiff became personally

involved with another Lakewood Police Department employee, Crystal Bragazzi.  (Am.

Compl. ¶ 8.)  The relationship ended and as Plaintiff's Amended Complaint alleges in

great detail, the split was acrimonious.  (Am. Compl. ¶¶ 8-20.)  Plaintiff alleges, among

other things, that Bragazzi contacted the Internal Affairs Division, which led to an

unfortunate chain of events.  An investigation by the Jefferson County Sheriff's

Department was launched, and the City of Lakewood and Defendant Camper placed

the Plaintiff on administrative leave with pay as of September 13, 2007.  (Am. Compl. ¶

21.)  Plaintiff alleges that Defendants Dietel, McCasky, Camper, and Burns met and

conspired to report Bragazzi's allegations to the Jefferson County Sheriff's Department

while failing to disclose any of Plaintiff's allegations.  (Am. Compl. ¶¶ 22-25.)  After

conducting the investigation, the Jefferson County Sheriff's Office turned over its

findings to the District Attorney's Office, who found the claims "not prosecutable."

Plaintiff was neither arrested nor charged with any violation.  (Am. Compl. ¶ 26.)

Plaintiff alleges that he then requested to return to work, however Defendant

Camper advised him that the matter was still under investigation by Internal Affairs, and

Plaintiff would remain on administrative leave.  (Am. Compl. ¶ 28.)  The Defendants

continued their investigation, and Plaintiff was ultimately given a Notice of Consideration

of Disciplinary Action on November 2, 2007.  (Am. Compl. ¶¶ 29-64.)  Plaintiff

responded to the Notice.  On November 14, 2007, Defendants Camper and Burns met

with the Plaintiff and gave him a Notice of Termination.  (Am. Compl. ¶¶ 65-70.)  On

November 21, 2007, Plaintiff appealed his termination.  Terry Tomsick was selected as

hearing officer and a hearing regarding the events surrounding Plaintiff's termination

was held on February 25-26, 2008.  (Am. Compl. ¶ 77, 82.)  On March 26, 2008,

Hearing Officer Tomsick upheld the decision of the Lakewood Police Chief to terminate

Plaintiff's employment.  (Am. Compl. ¶ 112-115.)

After receiving the findings of fact and conclusions from Hearing Officer Tomsick, Plaintiff presented a Request for Rejection and/or Modification of the Findings and a Request for Modification of Discipline to City Manager Mike Rock.  (Am. Compl. ¶ 113.) The City of Lakewood Municipal Code, section 4.20.050(C) authorizes the City Manager to accept, reject, or modify the findings of fact of a hearing officer in the context of an employment disciplinary proceeding.  (Am. Compl. ¶¶ 99-123.)  Accordingly, Defendant Rock issued a letter on May 12, 2008 denying Plaintiff's request to modify the disciplinary decision.  The letter stated as follows:

> The City of Lakewood Police Department maintains an exceptionally high standard of performance and behavior for Police Agents, both on and off duty . . . .  Considering the totality of circumstance, the contents of the Notice of Consideration of Disciplinary Action, and the facts at the time of hearing, there is a clear indication that your [Plaintiff's] pattern of conduct and behavior do not meet this standard.

(Am. Compl. ¶ 121.)   Plaintiff alleges that Defendant Rock failed to address discrepancies and inaccuracies in the hearing officer's findings of fact and conclusions. Plaintiff finally alleges that Defendant Rock did not address Plaintiff's performance history, his lack of prior discipline, or the discipline of other department employees. (Am. Compl. ¶¶ 116-120.)   Plaintiff filed the instant action on July 1, 2008.

III.   STANDARD OF REVIEW

In ruling on a Motion to Dismiss pursuant to 12(b)(6), the standard used to be that the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'"  *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997)

(quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)).  Thus, until

recently, a dismissal was only warranted where "it appear[ed] beyond a doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to

relief."  *The Ridge at Red Hawk, L.L.C. v.Schneider*, 493 F.3d 1174, 1177 (10th Cir.

2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"However, the Supreme Court recently decided that 'this observation has earned

its retirement,' and it has prescribed a new inquiry for us to use in reviewing a dismissal:

whether the complaint contains 'enough facts to state a claim to relief that is plausible

on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)).

"The Court explained that a plaintiff must 'nudge [his] claims across the line from

conceivable to plausible' in order to survive a motion to dismiss."  *Id.* (quoting *Bell

Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).  "Thus, the mere metaphysical possibility

that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is

insufficient; the complaint must give the court reason to believe that *this* plaintiff has a

reasonable likelihood of mustering factual support for *these* claims."  *Id.*

IV.   ANALYSIS

   A.   Renewed Motion to Dismiss Defendant Mike Rock from Plaintiff's
        Amended Complaint Pursuant to F.R.C.P. Rule 12(b)(6) (docket #68), filed
        January 6, 2009

I first turn to Defendant Mike Rock's motion to dismiss.  Defendant Rock moves

the Court to dismiss him from this case pursuant to Fed. R. Civ. P. 12(b)(6) due to

Plaintiff's failure to state a claim upon which relief can be granted.  Defendant Rock

argues that he is entitled to quasi-judicial immunity concerning the allegations in

Plaintiff's Amended Complaint since they solely concern his actions as an appellate reviewer of the Lakewood Police Department's employment disciplinary decision.  Thus, he should be dismissed from this action in his individual capacity.  Finally, Defendant Rock argues that any claim against him in his official capacity is redundant of Plaintiff's claim against the City of Lakewood pursuant to Colo. R. Civ. P. 106(a)4), which was filed by Plaintiff in the Jefferson County District Court after being severed by this Court.

Under the doctrine of absolute quasi-judicial immunity, "[j]udges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). "Moreover, '[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  This judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved.  *See id.*  "Thus, absolute judicial immunity has been extended to non-judicial officers where 'their duties had an integral relationship with the judicial process.'"  *Id.* (quoting *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987)).

The Supreme Court has held that absolute immunity has been extended to non-judicial officers or administrative officials "if the following formula is satisfied: (a) the officials' functions must be similar to those involved in the judicial process, (b) the officials' actions must be likely to result in damage lawsuits by disappointed parties, and (c) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct."  *Horwitz v. State Bd. of Medical Examiners*, 822 F.2d 1508,

1513 (10th Cir. 1987) (citing *Butz v. Economou*, 438 U.S. 478 (1978)).  The *Butz* Court

stated that federal executive officials exercising discretion are entitled to absolute

immunity in "exceptional situations where it is demonstrated that absolute immunity is

essential for the conduct of public business."  *Id.* (citing *Butz*, 438 U.S. at 507).  Later,

the Supreme Court expanded this doctrine and "held that absolute immunity from

damages applies to federal hearing examiners and administrative law judges."  *Id.*

(citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985)).

        The Tenth Circuit has applied the *Butz* rationale and extended quasi-judicial

immunity to cases involving state administrative or executive officials serving in

adjudicative, judicial, or prosecutorial capacities.  *See Horwitz*, 822 F.2d at 1508

(extending quasi-judicial immunity to the Colorado Board of Medical Examiners); *Russ

v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992) (extending quasi-judicial immunity to

parole boards); *Atiya v. Salt Lake County*, 988 F.2d 1013, 1017 (10th Cir. 1993)

(extending quasi-judicial immunity to county administrative review boards); and

*Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1529 (10th Cir. 1996) (extending quasi-

judicial immunity to municipal hearing officers).

        Turning to the case at hand, the issue before me is whether Defendant Rock's

actions can be considered judicial in nature.  As I previously noted, the City of

Lakewood Municipal Code, section 4.20.050(C) authorizes the City Manager to accept,

reject, or modify the findings of fact of a hearing officer in the context of an employment

disciplinary proceeding.  Plaintiff's claims concerning Defendant Rock solely relate to

Defendant Rock's actions and determinations he made while reviewing the decision of

the hearing officer as the Lakewood City Manager.  Applying the formula set forth in

*Butz*, I agree with Defendant Rock that he is entitled to quasi-judicial immunity.  First, I

find that the function of reviewing the findings of fact and conclusions of the hearing

officer after a full adversarial hearing is clearly judicial in nature as appellate judges

routinely review the record of prior proceedings to determine if there was error.  Thus,

Defendant Rock's functions were similar to those involved in the judicial process.

Second, Defendant Rock's actions as the reviewer of disciplinary proceedings

will likely result in damage lawsuits by disappointed parties as evidenced by the instant

action.  Finally, I find that sufficient safeguards exist in this case to control

unconstitutional conduct.  It is clear that the Plaintiff was given the opportunity to

respond to the initial termination notice, participate in a hearing where he was

represented by counsel, and present witnesses and testimony.  The Plaintiff was also

afforded the opportunity to appeal the adverse decision of the hearing officer to the City

Manager, Defendant Mike Rock.  Finally, the Plaintiff is challenging Defendant Rock's

decision as an abuse of discretion pursuant to Colo. R. Civ. P. 106(a)(4) in the Jefferson

County District Court.  All of these avenues of due process were afforded to the Plaintiff,

which he has appropriately exercised.

The Plaintiff argues in his opposition to the motion to dismiss that Defendant

Rock did not act in a judicial manner.  Rather, Plaintiff claims that Defendant Rock

"acted in a supervisory capacity over the Lakewood Police Department."  (Resp. at 3.)  I

reject this argument, as I can find no allegations in the Amended Complaint that involve

Defendant Rock acting with deliberate indifference in a supervisory role over the

Lakewood Police Department or directing employees "to deny Plaintiff his due process." (Resp. at 3.)  In fact, after viewing the Amended Complaint in the light most favorable to the Plaintiff, I find that all of the allegations involving Defendant Rock relate to his limited role of reviewing the Plaintiff's disciplinary proceeding.

Plaintiff also argues that because Defendant Rock reports to the Mayor of Lakewood, "he is not insulated from political influence," and is therefore, not an impartial arbiter.  (Resp. at 5.)  Plaintiff goes on to complain that while he presented his case to Defendant Rock with a "lengthy written argument, . . . those arguments are not considered and have no effect." (Resp. at 5.)  I reject this argument.  Plaintiff's dissatisfaction with Defendant Rock's decision does not provide a basis for denying the motion to dismiss   As I previously explained, I find that adequate procedural safeguards exist in this case to afford the Plaintiff his due process.  Accordingly, I find that Defendant Mike Rock's motion to dismiss based on quasi-judicial immunity is granted. In accordance therewith, Defendant Mike Rock is dismissed from this action in his individual capacity.  Further, Defendant Mike Rock is dismissed from this action is his official capacity as Plaintiff has named the City of Lakewood as a separate Defendant in this matter.  A claim against Defendant Rock in his official capacity as City Manager is in fact a claim against the City of Lakewood.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

B.    Renewed Motion to Dismiss Civil Conspiracy Claim in Amended
      Complaint Pursuant to F.R.C.P. Rule 12(b)(6) (docket #69), filed
      January 6, 2009

I next turn to Defendants City of Lakewood, Ronald Burns, John Camper, Mark

Dietel, and Daniel McCaskys' motion to dismiss Plaintiff's civil conspiracy claim.  The

Defendants move the Court to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6)

due to Plaintiff's failure to state a claim upon which relief can be granted.  The

Defendants argue that "Plaintiff's factual allegations are inadequate to state any 42

U.S.C. § 1983 conspiracy claim involving the City of Lakewood, John Camper, Ron

Burns, Mark Dietel or Daniel McCasky resulting in any violation of Plaintiff's

constitutional rights."  (Def.s' Mot. at 2.)

The Tenth Circuit has stated that "a conspiracy to deprive a plaintiff of a

constitutional or federally protected right under the color of state law" is actionable.

*Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990).  However, in order to succeed on a

conspiracy claim under 42 U.S.C. § 1983, "a plaintiff must plead and prove not only a

conspiracy, but also an actual deprivation of rights; pleading and proof of one without

the other will be insufficient."  *Id.*  Further, "[w]hile a deprivation of a constitutional right

is essential to proceed under a § 1983 claim, proof of an agreement to deprive will often

require examination of conduct occurring prior to the deprivation."  *Id.* at 701-02.  To

establish the existence of a conspiracy, a plaintiff seeking redress must show that there

was a "single plan, the essential nature and general scope of which [was] known to

each person who is to be held responsible for its consequences."  *Id.* (internal citations

omitted).  Finally, the Tenth Circuit has stated that a claim for conspiracy must often be

-10-

proven with circumstantial evidence because "[r]arely . . . will there be direct evidence of an express agreement among . . . the conspirators." *Id.*

While I am dubious about the validity of this claim, it will remain for now against the Defendants.  I conclude that at this stage in the case, it would be premature to dismiss this claim.  After reviewing the allegations set forth in the Amended Complaint in the light most favorable to the Plaintiff, I find that Defendants' motion to dismiss the civil conspiracy claim should be denied.  Based on my review of the Amended Complaint and the allegations concerning civil conspiracy, I find that Plaintiff has plead sufficient facts to state a claim for relief that is plausible on its face.

V.      <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that the Renewed Motion to Dismiss Defendant Mike Rock from Plaintiff's Amended Complaint Pursuant to F.R.C.P. Rule 12(b)(6) (docket #68), filed January 6, 2009, is **GRANTED.**  In accordance therewith, Defendant Mike Rock is dismissed from this action in both his individual capacity and his official capacity.  The Clerk of the Court shall amend the case caption to reflect the dismissal of Defendant Mike Rock.  It is

FURTHER ORDERED that the Renewed Motion to Dismiss Civil Conspiracy Claim in Amended Complaint Pursuant to F.R.C.P. Rule 12(b)(6) (docket #69), filed January 6, 2009, is **DENIED.**

Dated:  April 27, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge